Ronald C. G. Bridgett v. Commissioner.
Bridgett v. Commissioner
Docket No. 3334-71.
United States Tax Court
T.C. Memo 1972-160; 1972 Tax Ct. Memo LEXIS 96; 31 T.C.M. (CCH) 798; T.C.M. (RIA) 72160; July 31, 1972
Ronald C. G. Bridgett, pro se, 300 Britannia St., Apt. 32, Meriden, Conn.Barry J. Laterman, for the respondent. *97 FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in the income tax liability of pertitioner for the taxable year 1967 in the amount of $330.79. The issue involved is whether petitioner is entitled to dependency exemptions for his two children under section 151. [1]
Findings of Fact Some of the facts have been stipulated; they are so found and incorporated herein by this reference. Petitioner, Ronald C. G. Bridgett, filed a Federal income tax return for the taxable year 1967 with the district director of internal revenue, Hartford, Connecticut. At the time of filing his petition herein petitioner resided in Meriden, Connecticut. Petitioner had been married to Norma J. Bridgett (hereinafter referred to as Norma) and they have two minor children, Ronald and Susan. During the taxable year 1966 petitioner and Norma were divorced. Their divorce decree awarded custody of the minor children to Norma and required petitioner to pay $15 per week in child support for each child and to maintain medical insurance coverage for the children. Norma had *98 custody of the children during the taxable year 1967 and provided more than one-half of the children's total support during that year. Petitioner provided $770 per child, for a total of $1,540, plus minor gifts. While the parties were completing the financial arrangements of the divorce, petitioner asked for and received the following handwritten agreement, dated November 6, 1966, from Norma: I Norma Bridgett will pay $60.55 for television from the 8th to the twelveth [sic] payment. I will not claim at any time the kids as dependents (income tax) as long as I receive weekly payments. In his return for 1967 petitioner claimed the two children as dependents. Respondent in his deficiency notice increased petitioner's taxable income to reflect the disallowance of the claimed deductions. Opinion The issue is whether petitioner is entitled to claim dependency deductions under section 151. The definition of a dependent for purposes of section 151 is found in section 152. Section 152(e) specifically deals with dependents of divorced parents. The general rule as found in section 152(e)(1) is that the custodial parent is entitled to any available dependency exemptions. However, one *99 exception to this general rule is found in section 152(e)(2)(A). Under that exception the noncustodial parent, petitioner in this case, is entitled to the exemption if he meets the following pertinent standards: (1) A written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (2) such parent not having custody provides at least $600 for the support of such child during the calendar year. Petitioner has met this applicable standard. Norma's only claim is that she was under extreme pressure when she signed the agreement, which qualifies under section 152(e)(2)(A)(i), and now wishes to repudiate it. This is not a sufficient reason for vitiating such an agreement. Where a party enters into a contract * * * mere ignorance of the facts or hardship is not necessarily a ground for 799 relief; nor will the courts relieve one from the consequences of his own improvidence. The same is true with respect to poor judgment or lack of wisdom. [Footnotes omitted.] A review of the legislative history of section 152(e) *100 [2] convinces us that one of the express purposes of that section was to eliminate the uncertainty to the taxpayers and ease the administrative burden on the Internal Revenue Service which arises from the very issue involved herein. That purpose is achieved when the parties settle the question by written agreement. *101 Since petitioner has met both requirements as expressed in the statute, and there is insufficient ground for vitiating the written agreement, we will abide by that agreement and find him entitled to the deductions under the statute. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. II. REASONS FOR THE BILL One of the problems which arises most frequently under the individual income tax provisions of the Internal Revenue Code of 1954 is the question of which of divorced or separated parents is entitled to the deduction for personal exemption with respect to their children. The solution of this problem under present law has been unsatisfactory both from the standpoint of the parents and from the standpoint of the administration of the tax laws by the Internal Revenue Service. * * * The number of disputes involving this issue is so great that it has cast a serious administrative burden on the Service and has tended to clog the administrative machinery involved in bringing them to a conclusion. In fact, a disproportionate number of these cases are taken to the Tax Court for resolution. It has been estimated by the Service that during a recent year 5 percent of all income tax cases handled at the informal conference level of the administrative process involved this issue as the principal issue. The amounts involved in these cases, although significant to the taxpayers, are quite small. The costs to the taxpayers and the Government of resolving this issue in the administrative process and in the Tax Court are inordinate when compared with the amounts involved. For these reasons, the bill would amend present law to provide a set of rules under which this issue may be resolved on a basis that is more satisfactory to the parents and which will alleviate the current administrative burden. * * *↩